# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN EUGENE SYPHO, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., <br><br>　　　　Defendants. | Case No. EDCV 08-0861-JSL (JTL) <br><br> MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

On July 3, 2008, Kevin Eugene Sypho ("plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. Section 1983 ("Complaint") with the United States District Court. Plaintiff's claims arise out of his incarceration at the Chuckawalla Valley State Prison in Blythe, California. (Complaint at 3).

Plaintiff names eight defendants in the Complaint. Plaintiff asserts claims against seven defendants in both their individual and official capacities: Correctional Officer Penley; Correctional Officer John-Doe 2; Sergeant M. Leszczynski; Lieutenant Riddle; Captain Jay L. Abbs; Assistant Warden M.A. Muntz; and Warden F. Salazar. (Complaint at 3-6). Plaintiff also names the State of California Department of Corrections as a defendant. (Complaint at 6).

Plaintiff alleges each defendant was deliberately indifferent to plaintiff's right to safety from physical brutality from other inmates and failed to follow their own policies, rules and

procedures to protect inmate safety. Plaintiff also alleges he was denied equal protection of the law and his rights under the due process clause of the Fourteenth Amendment. (Complaint at 7-14).

In accordance with the provisions of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the Complaint before ordering service to determine whether the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A; 42 U.S.C. §1997e(c)(1).

The Court's screening of plaintiff's Complaint under the foregoing statute is governed by the following standards: A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Because plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

After careful review and consideration of the Complaint under the relevant standards, and for the reasons discussed below, the Court finds that plaintiff has failed to state a claim upon which relief may be granted and **ORDERS** the **COMPLAINT DISMISSED WITH LEAVE TO AMEND.**

///
///
///

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on June 17, 2005, defendant Officer Penley and an unknown officer, Doe defendant 2, witnessed an African-American inmate attack plaintiff in the D Facility of Chuckawalla Valley State Prison. (Complaint at 7-8). Officer Penley and the unknown officer pulled the attacker off plaintiff. (Complaint, Exh. A at 2). Officer Penley then allegedly stated, "Do you two want to go to the hole? I don't have time for this shit and I don't want to write paper work up when I'm on my way home, so shake hands, and if I come back to work and hear the two of you got back into it again and someone is hurt, then the other one is going to be charged and put in the hole, so stop this shit." (Id.). Plaintiff alleges that because it was almost time to change shifts, Officer Penley and the unknown officer intentionally ignored the incident and failed to do their duty to separate plaintiff from his attacker by transferring him to another yard. (Complaint at 7-8).

After both officers left for the day, the attacker and several other inmates attacked plaintiff as he entered the bed area. (Id.). The attacker bit plaintiff in the eye and tore away half of plaintiff's eyelid. Plaintiff's eye was bleeding and plaintiff went to the officer's station to ask to see a doctor. When asked what happened to his eye, plaintiff, in fear of being labeled a snitch, told the officer that he fell from his bunk. (Complaint, Exh. A at 3). When the medical technician saw plaintiff's eye, he immediately asked plaintiff who bit his face. Plaintiff told the medical technician that he had been assaulted by another inmate and was transferred first to Palo Verde Hospital in Blythe, California, and then to Riverside Medical where plaintiff received 23 stitches. Plaintiff eventually had plastic surgery on his eye. (Complaint, Exhs. A at 3, D).

Plaintiff alleges that defendants Sergeant M. Leszczynski, Lieutenant Riddle and Captain Jay L. Abbs were responsible for the D Facility on the day of the attack and failed to train their officers on how to protect inmates from attack, failed to follow their own policies and ultimately failed to protect plaintiff. (Complaint at 9-11). Plaintiff alleges that defendants Assistant Warden M.A. Muntz and Warden F. Salazar failed to protect plaintiff from injury and failed to properly train the officers at Chuckawalla Valley State Prison. (Complaint at 12-13).

///

Plaintiff continues to have problems with his eye and was informed that he may go blind in a few years. (Complaint, Exh. A at 4). Plaintiff alleges that he is treated unfairly by the doctors at the prison and that they refuse to consider repairing his damaged tear duct. (Id.). Plaintiff seeks compensatory relief. (Complaint at 15).

## DISCUSSION

### I. PLAINTIFF MUST NAME ALL DEFENDANTS IN THE CAPTION

Plaintiff has made allegations in his Complaint against defendants not named in the caption of the Complaint. The defendants listed in the caption of the Complaint are: "State of California; Department of Correction; Chuckawalla Valley States Prison; Warden F. Salazar CDC "Entity" CDC Officer, Penley; and Does 1-5 et. al." (Complaint at 1). Plaintiff names a number of persons as defendants in the body of the Complaint including Sergeant M. Leszczynski; Lieutenant Riddle; Captain Jay L. Abbs; and Assistant Warden M.A. Muntz, but fails to include their names in the caption.

If plaintiff files an amended complaint, he must include in the caption the names of all the defendants against whom he is asserting a claim. See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). The Court will not order the United States Marshal to serve a complaint on any defendant not named in the caption.

### II. PLAINTIFF'S CLAIMS AGAINST THE DEPARTMENT OF CORRECTIONS ARE BARRED BY THE ELEVENTH AMENDMENT

The Eleventh Amendment prohibits federal jurisdiction over claims brought against a state and its agencies unless the state consents to suit. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Plaintiff's claims against the California Department of Corrections, a state agency, are barred by the Eleventh Amendment and must, therefore be dismissed. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding the Nevada

4

Department of Prisons, as a state agency, was clearly immune from suit under the Eleventh Amendment).

## III. PLAINTIFF'S CLAIMS AGAINST ALL DEFENDANTS IN THEIR OFFICIAL CAPACITIES MUST BE DISMISSED

Plaintiff has asserted claims against the named defendants in both their individual and official capacities. (Complaint at 3-6). Suits naming a defendant in his or her "official capacity" are treated as suits against the state and therefore subject to a defense of sovereign immunity under the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); Dittman v. California, 191 F.3d 1020, 1026 (9th Cir. 1999) ("The Eleventh Amendment bars actions for damages against state officials who are sued in their official capacities in federal court"). The Eleventh Amendment prohibits federal jurisdiction over claims against a state without its consent. Pennhurst, 465 U.S. at 100. Thus, any claims plaintiff is alleging against defendants in their official capacity must be dismissed.

In addition,"neither a State nor its officials acting in their official capacities are 'persons'" subject to 42 U.S.C. Section 1983. Will, 491 U.S. at 71. Thus, plaintiff can only seek damages against defendants in their individual capacities.

## IV. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE EIGHTH AMENDMENT

A prison official's deliberate indifference to a substantial risk of serious harm to an inmate's safety violates the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 827 (1994); Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). In order to show deliberate indifference, a prisoner mush show that prison officials were aware of facts from which they could infer that a substantial risk of serious harm existed and that the prison officials drew that inference. Farmer, 511 U.S. at 837. A prisoner need not show that prison officials acted or failed to act believing that harm would actually occur; rather, a prisoner need only establish that officials acted or failed to act despite knowledge of substantial risk of serious harm. Id. at 842.

Construing the allegations of the Complaint in the light most favorable to plaintiff, plaintiff's allegations fail to state an Eighth Amendment claim against any defendant. Plaintiff must show that defendants actually knew of his risk of harm, yet failed to take reasonable steps to eliminate that risk. See Farmer, 511 U.S. at 837. While plaintiff did allege that defendant Penley and the unknown officer witnessed the attack and failed to transfer plaintiff to another yard, the allegations do not show that they knew there was a substantial risk of serious harm if they did not separate plaintiff from the other inmate. With regard to defendants Sergeant M. Leszczynski, Lieutenant Riddle, Captain Jay L. Abbs, Assistant Warden M.A. Muntz and Warden F. Salazar, plaintiff has failed to allege that their actions or omissions caused him harm. A person is liable under Section 1983 if he or she "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do" that causes the complained-of deprivation. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Taylor, 880 F.2d at 1045 (Section 1983 liability requires personal participation in deprivation). A supervisory official may be liable only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman, 942 F.2d at 1446; Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). A supervisor may also be liable for constitutional violations by his or her subordinates if the supervisor knew of the violations and failed to prevent them, see Taylor, 880 F.2d at 1045, or if the alleged deprivations resulted from a failure to properly train or supervise personnel, see Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). However, in such a case a plaintiff must show a sufficient causal connection between the supervisor's failure to train or supervise and the alleged constitutional deprivation. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001).

Here, plaintiff has not alleged facts showing a sufficient causal connection between each defendant's purported failure to train or supervise and each purported constitutional violation. Thus, plaintiff's Eighth Amendment claims against defendants Sergeant M. Leszczynski, Lieutenant Riddle, Captain Jay L. Abbs, Assistant Warden M.A. Muntz and Warden F. Salazar must be dismissed. In order to hold a defendant liable for the alleged Eighth Amendment

violation, plaintiff must allege (and ultimately prove) that the complained-of condition was within the scope of that defendant's duties and responsibilities. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (holding that the inquiry into causation requires an individualized consideration of each defendant's duties and responsibilities).

## V.     PLAINTIFF FAILS TO STATE AN EQUAL PROTECTION CLAIM

Plaintiff alleges that each defendant violated his right to equal protection under the law. (Complaint at 3-6). The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). The threshold allegation is that plaintiff was similarly situated to others who received different treatment. See Fraley v. Bureau of Prisons, 1 F.3d 924, 926 (9th Cir. 1993). Plaintiff must also plead intentional unlawful discrimination or allege facts from which discriminatory intent may be inferred. Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998). Intentional discrimination means that a defendant acted at least in part because of plaintiff's membership in a protected class. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Here, plaintiff is not alleging that he is being treated differently from similarly situated inmates. Plaintiff's allegations provide no basis for an equal protection violation under any cognizable theory. His equal protection claims, therefore, must be dismissed.

## VI.    PLAINTIFF FAILS TO STATE A CLAIM FOR A DUE PROCESS VIOLATION

Plaintiff also alleges that each defendant violated his rights under the due process clause of the Fourteenth Amendment. The substantive due process clause protects against the arbitrary or oppressive exercise of governmental power. See County of Sacramento v. Lewis, 523 U.S. 833, 845-45 (1998). The Due Process Clause is violated only when it can be properly characterized as arbitrary, or conscience shocking, in a constitutional sense. Collins v. Harker Heights, 503 U.S. 115, 128 (1992). Only the most egregious official conduct can be said to be "arbitrary in the constitutional sense." Id. at 129. Mere negligence, or liability grounded in tort, does not meet the threshold requirement to establish a substantive due process violation. Lewis, 523 U.S. at 849. Section 1983 imposes liability for violations of rights protected by the

Constitution, not for violations of duties of care arising out of tort law.  See e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976)  ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); see also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice.").  Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.  Here, plaintiff has failed to properly allege a constitutional violation against any defendant and, therefore, has failed to properly allege a violation of his Due Process rights.

\* \* \* \* \* \* \* \* \*

Because plaintiff may be able to cure the deficiencies of the complaint by amendment, the Court will afford plaintiff an opportunity to attempt to do so.  See Noll, 809 F.2d at 1448.  The Complaint, therefore, is **DISMISSED WITH LEAVE TO AMEND**.

If plaintiff desires to pursue this action, plaintiff is **ORDERED** to file a First Amended Complaint within thirty (30) days of the date of this Order, remedying the deficiencies discussed above.  If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint or any other pleading, attachment or document. The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form, which plaintiff will need to completely fill out and resubmit.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

DATED: July 22, 2008

                                                                      /s/
                                        JENNIFER T. LUM
                                        UNITED STATES MAGISTRATE JUDGE