# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

KEVIN EUGENE SYPHO,

Plaintiff,

v.

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

Case No. EDCV 08-0861-JSL (JTL)

MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

On July 3, 2008, Kevin Eugene Sypho ("plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. Section 1983 ("Complaint") with the United States District Court. On July 22, 2008, the Court dismissed the Complaint with leave to amend, pursuant to the screening provisions of the Prison Litigation Reform Act of 1995 ("PLRA"). On August 27, 2008, plaintiff filed a First Amended Complaint.

In accordance with the provisions of the PLRA, the Court has screened the First Amended Complaint before ordering service to determine whether the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A; 42 U.S.C. §1997e(c)(1).

///

The Court's screening of plaintiff's First Amended Complaint under the foregoing statute is governed by the following standards: A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Because plaintiff is appearing pro se, the Court must construe the allegations of the First Amended Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

After careful review and consideration of the First Amended Complaint under the relevant standards, and for the reasons discussed below, the Court finds that plaintiff has failed to state a claim upon which relief may be granted and **ORDERS** the **FIRST AMENDED COMPLAINT DISMISSED WITH LEAVE TO AMEND.**

## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiff's claims arose while he was incarcerated at the Chuckawalla Valley State Prison in Blythe, California. (First Amended Complaint at 2). Plaintiff asserts claims against two defendants in their individual capacities: Correctional Officers Penley and John-Doe No. 1. (Id. at 3).

Plaintiff alleges that each defendant was (1) deliberately indifferent to plaintiff's right to safety from physical brutality from other inmates and (2) failed to follow prison policies, rules and procedures to protect inmate safety. Plaintiff also alleges that he was denied equal protection of the law and his rights under the due process clause of the Fourteenth Amendment. (Id. at 5).

Plaintiff alleges that on June 17, 2005, defendant Officer Penley and an unknown officer, John-Doe No. 1, witnessed an African-American inmate attack plaintiff in the D Facility of Chuckawalla Valley State Prison. (First Amended Complaint at 5-5a, 5d-5e). Officer Penley and the unknown officer pulled the attacker off plaintiff. (Id.). Plaintiff alleges Officer Penley then stated, "Do you two want to go to the hole? I don't have time for this shit and I don't want to write paper work up when I'm on my way home, so shake hands, and if I come back to work and hear the two of you got back into it again and someone is hurt, then the other one is going to be charged and put in the hole, so stop this shit." (Id.). Plaintiff alleges that Officer Penley then told plaintiff to wipe up the blood from the floor. (Id. at 5a).

After both officers left for the day, the attacker, now accompanied by several other inmates, attacked plaintiff again. (Id. at 5a, 5f). The attacker bit plaintiff in the eye and tore away a portion of plaintiff's eyelid. (Id. at 5a). Plaintiff's eye was bleeding and plaintiff went to the officer's station to ask to see a doctor. After the medical technician saw plaintiff's eye, plaintiff was transferred first to Palo Verde Hospital in Blythe, California, and then to Riverside Medical where plaintiff received 23 stitches. Plaintiff eventually had plastic surgery on his eye. (Id. at 5a; see Exh. A at 2-3).

Plaintiff alleges that both defendants were aware of the imminent danger plaintiff was in and had a duty to follow the standard procedure to handcuff plaintiff and his attacker, take them to the supervisor on duty, write a report of their respective injuries and separate them. (Id. at 5a, 5b). Plaintiff argues that defendants treated him differently than similarly situated persons by failing to follow the standard procedure. (Id. at 5e). Plaintiff alleges that defendants knew of the risk of harm to plaintiff and failed to do their legally required duty to eliminate such as risk. (Id. at 5e). Plaintiff also alleges that the conditions at Chuckawalla Valley State Prison create a pervasive risk of harm and the frequency of assaults in the C and D yard are greater than in other yards. (Id. at 5b, 5f).

Plaintiff seeks compensatory relief and punitive damages. (Id. at 6).

///

///

## DISCUSSION

### I. PLAINTIFF'S EIGHTH AMENDMENT CLAIMS AGAINST OFFICERS PENLEY AND JOHN DOE NO. 1 ARE SUFFICIENT TO STATE A CLAIM AT THE SCREENING STAGE

A prison official's deliberate indifference to a substantial risk of serious harm to an inmate's safety violates the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 827 (1994); Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). In order to show deliberate indifference, a prisoner mush show that prison officials were aware of facts from which they could infer that a substantial risk of serious harm existed and that the prison officials drew that inference. Farmer, 511 U.S. at 837. A prisoner need not show that prison officials acted or failed to act believing that harm would actually occur; rather, a prisoner need only establish that officials acted or failed to act despite knowledge of substantial risk of serious harm. Id. at 842.

Here, plaintiff alleges that both defendants witnessed the attack on plaintiff, pulled the attacker off plaintiff, were aware of the risk of harm to plaintiff, but failed to follow the standard procedure to handcuff plaintiff and his attacker, take them to the supervisor on duty, write a report of their respective injuries, and separate them. Construing the allegations of the First Amended Complaint in the light most favorable to plaintiff at this early pleading stage, plaintiff's allegations are sufficient to state an Eighth Amendment claim against both defendants.

### II. PLAINTIFF FAILS TO STATE AN EQUAL PROTECTION CLAIM

Plaintiff alleges that each defendant violated his right to equal protection under the law. The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must not only allege that he or she was similarly situated to others who received different treatment, but that the different treatment was the result of intentional unlawful discrimination based, at least in part, on a plaintiff's membership in a protected class. See Monteiro v. Tempe Union High Sch.

Dist., 158 F.3d 1022, 1026 (9th Cir. 1998); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

While plaintiff does alleges that he was treated differently than similarly situated inmates because defendants failed to follow the standard procedures after pulling the attacker off plaintiff, plaintiff fails to allege that such treatment was intentional or based in any part on plaintiff's membership in a protected class. Thus, plaintiff's allegations provide no basis for an equal protection violation under any cognizable theory. His equal protection claims, therefore, must be dismissed.

## III. PLAINTIFF FAILS TO STATE A CLAIM FOR A DUE PROCESS VIOLATION

Plaintiff alleges that each defendant violated his rights under the due process clause of the Fourteenth Amendment. The substantive Due Process Clause protects against the arbitrary or oppressive exercise of governmental power; mere negligence, or liability grounded in tort, does not meet the threshold requirement to establish a substantive due process violation. See County of Sacramento v. Lewis, 523 U.S. 833, 845-45, 849 (1998). The Due Process Clause is violated only when it can be properly characterized as arbitrary, or conscience shocking, in a constitutional sense. Collins v. Harker Heights, 503 U.S. 115, 128 (1992). Only the most egregious official conduct can be said to be "arbitrary in the constitutional sense." Id. at 129. Negligence on the part of state officials, whether simple or gross, is not sufficient to establish liability for a due-process violation. L.W. v. Grubbs, 92 F.3d 894, 898-900 (9th Cir. Or. 1996).

Even after construing the allegations of the First Amended Complaint in the light most favorable to plaintiff, the allegations of the First Amended Complaint do not amount to more than negligence on the part of either defendant. Plaintiff, therefore, has failed to properly allege a violation of his due process rights.

* * * * * * * * *

Although plaintiff may not be able to cure the deficiencies of the complaint by amendment, the Court will afford plaintiff one final opportunity to attempt to do so. See Noll,

809 F.2d at 1448. The First Amended Complaint, therefore, is **DISMISSED WITH LEAVE TO AMEND**.

If plaintiff desires to pursue this action, plaintiff is **ORDERED** to file a Second Amended Complaint within thirty (30) days of the date of this Order, remedying the deficiencies discussed above. If plaintiff chooses to file a Second Amended Complaint, it should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original complaint or any other pleading, attachment or document. The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form, which plaintiff will need to completely fill out and resubmit.

**Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

DATED: September 12, 2008

/s/-Jennifer T. Lum
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE